## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

CHAO HO LIN and LEE MO LIN,    )
                                )
            Plaintiffs,         )
                                )
vs.                             )   Case No. CIV-11-301-JHP
                                )
CHI CHU WU,                     )
                                )
            Defendant.          )

## ORDER

Now before the Court is Defendant's Motion For Summary Judgment. After review of Defendant's Motion, Supporting Brief and attached evidentiary materials as well as Plaintiffs' Response and other pleadings, the Court finds there is no genuine dispute as to the following facts:

1. Plaintiff, Choa Ho Lin ("Lin") and the Defendant, Chi Ch Wu ("Wu"), entered into a Sale Agreement dated April 28, 2001 ("Sale Agreement") attached as Exhibit 1 to Defendant's Motion.

2. Plaintiffs attached an English language translation of the Sale Agreement as Exhibit A to their First Amended Complaint. The parties stipulate that Exhibit 2 is an accurate English translation of the Sale Agreement of April 28, 2001.

3. The Sale Agreement was drafted by Plaintiff Lin and executed by the parties in Oklahoma.

4. The Sale Agreement, in pertinent part, required Wu to transfer title to the following property to Lin on May 1, 2001:

    A.  215 N. Musukey, Wewoka, Oklahoma
    B.  412 S. Okfuskee, Wewoka, Oklahoma
    C.  315 W. Broadway, Okemah, Oklahoma
    D.  313 W. Broadway, Okemah, Oklahoma.

5. The Sale Agreement also required Wu to transfer title to the property at 320 Grand Avenue, Okmulgee, Oklahoma, to Lin "as soon as possible."

6. The Sale Agreement, in pertinent part, required Lin to do the following:

   A. Transfer title to the property known as 1804-1806 Sheridan Rd, North Chicago, Illinois, to Wu;

   B. Pay to Wu $32,200.00 in the form of two Waterhouse checks, one for $25,000.00 and one for $4,600.00, a check from First National Bank of Okmulgee in the amount of $1,850.00, and $750.00 in cash; and

   C. Pay to Wu a series of 131 checks totaling $182,274.72 as follows:

      (1) one check from Citizens State Bank, Okemah, Oklahoma (check no. 101) in the amount of $500.00 on May 1, 2001;

      (2) 24 checks from Citizens state Bank, Okemah, Oklahoma (check nos. 102-125) each for $1,124.90 on June 1, 2001;

      (3) 18 checks from First National Bank of Okmulgee each in the amount of $1,211.60 starting April 30, 2001;

      (4) 24 checks from First National Bank of Okmulgee ach in the amount of $1,148.00 starting May 15, 2001;

      (5) 25 checks from First National Bank of Okmulgee each for $1,042.58 starting May 1, 2001;

      (6) 40 checks from First National Bank of Okmulgee each in the amount of $2,009.86 starting January 1, 2002.

7. Wu breached the Sale Agreement by failing to transfer title to all of the listed properties (except for 313 W. Broadway St., Okemah, Oklahoma) to Lin on May 1, 2001 or within a reasonable time thereafter. Wu has never transferred his Oklahoma properties that were the subject of the Sale Agreement to Lin, except for the 313 W. Broadway St. property.

8. Lin breached the Sale Agreement by failing to pay Wu the sum of $182,274.72 on April 30, 2001 and continuing to January 1, 2002 as required by the Sale Agreement.

9. Plaintiff and Defendant subsequently entered into a Partners Agreement dated August 5, 2001 ("Partners Agreement") attached to Defendant's Motion as Exhibit 4.

10. In the Partners Agreement, Lin agreed to pay Wu the sum of $125,000.00 at 9.5% interest to be paid at the rate of $2,284.34 per month for 6 years beginning August 30, 2001 and ending July 31, 2007.

11. The Partners Agreement also reflects that Wu's property at 313 W. Broadway, Okemah, Oklahoma was exchanged for Lin's property located at 1804-1806 Sheridan, North Chicago, Illinois plus $10,000.00 cash.

12. The parties executed the Partners Agreement intending that the $125,000.00 to be paid by Lin to Wu was for the balance still owed by Lin to Wu for Wu's properties at 320 N. Grand, Okmulgee, Oklahoma; 315 W. Broadway, Okemah, Oklahoma; and 215 N. Musukey and 412 S. Okfuskee, Wewoka, Oklahoma; those properties having a combined value of $182,000.00 as articulated in the Partners Agreement.

13. Lin breached the Partners Agreement by failing to make payment to Wu of the $125,000.00 at 9.5% interest in installment of $2,284.34 per month beginning August 30, 2001.

14. Plaintiffs commenced this action against Defendant by filing suit in the Circuit Court of Cook County, Illinois on January 20, 2011. This case was subsequently removed to the United States District Court for the Northern District of Illinois (Eastern Division) and then transferred to this Court. Plaintiffs never brought any prior lawsuit against Wu.

15. Plaintiffs' First Amended Complaint ("Complaint") alleges causes of action against Defendant for breach of contract, fraud, breach of fiduciary duties, conversion, accounting, and constructive trust.

Pursuant to Fed.R.Civ.P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court finds that under the facts as set forth above, Defendant is entitled to judgment as a matter of law on the grounds that all of Plaintiffs' claims are barred by the applicable statutes of limitations.

Specifically, the Court makes the following conclusions of law:

1. Title 12, Okla. Stat. §95 is Oklahoma's statute of limitations for civil actions other than the recovery of real property and provides, in pertinent part, as follows:

   A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

      1. Within five (5) years: An action upon any contract, agreement, or promise in writing;

      *         *         *

      3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud – the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;

12 Okla. Stat. §95(A).

2. In Count 1 of Plaintiffs' Complaint for breach of contract, Plaintiffs claim that Defendant Wu was obligated by the Sale Agreement "to transfer the properties located in Oklahoma to the Plaintiffs" and that Defendant breached the Agreement because he "failed and refused to transfer the properties to the Plaintiffs". (Complaint at ¶¶28 and 30). Wu was in breach of the Sale Agreement by May 2, 2001 when he failed to transfer the subject properties to Lin by May 1, 2001 as required by the Agreement. As a result, Plaintiffs' cause of action for breach of the Sale Agreement accrued on May 2, 2001. Because Plaintiffs failed to bring suit within 5 years of May 2, 2001, their breach of contract action is barred by 12 Okla. Stat. §95(A) (1).

3. Count II of Plaintiffs' Complaint alleges fraud by Defendant Wu for allegedly making false representations to Plaintiff that enticed Plaintiff into signing the Agreement, paying Defendant money, and transferring property to Defendant. As alleged by Plaintiffs, all representations of Defendant, and resulting acts by Plaintiffs occurred in 2001. Plaintiffs by their own account discovered any alleged fraud no later than July 2007. (Complaint at ¶25). Plaintiffs had 2 years from July 2007 at the latest to bring suit against Defendant for fraud. Because they failed to bring suit until January 2011, Plaintiffs' cause of action for fraud is barred by 12 Okla. Stat. §95(A)(3).

4. Plaintiffs remaining causes of action are also barred by the two year statue of limitations. Count III of Plaintiff's Complaint, although entitled "Breach Of Fiduciary Duties", in fact alleges fraud against Defendant. (Complaint at ¶¶ 40-41). Thus, like Count II, Plaintiff's action is barred by 12 Okla. Stat. §95(A)(3).

5. Count IV of the Complaint alleges conversion by Defendant of money beginning in April 2001 and of property in 2003. (Complaint at ¶¶43 and 45). The applicable statute of limitations for conversion is also 12 Okla. Stat. §95(A)(3) requiring actions "for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property" to be filed within 2 years. *See* Gentry v. Mitchell, 250 P.2d 856, 207 Okla. 488 (1952). Because Plaintiffs failed to file suit within 2 years of the alleged conversions, Plaintiff's conversion claims are time-barred.

6. Likewise, Count V of the Complaint requests an accounting of funds allegedly converted form 2001-2007, and County VI of the Complaint seeks imposition of a constructive trust on funds and properties allegedly converted by the Defendant in 2001 and 2003. (Complaint at ¶¶ 53 and 56). Because these causes of action are dependent on Plaintiffs' time-barred claims for fraud and conversion, Counts V and VI are also time-barred. 12 Okla. Stat. §95(A)(3); *See* Jones v. Jones, 459 P.2 603, 604 (Okla. 1969) ("When fraud is the gist of an action to enforce constructive trust, the applicable statute of limitations is 12 O.S. 1961, Sec. 95(3) and the limitations period (2 years) begins to run from the time the fraud is, or should have been, discovered.").

Therefore, Defendant Chi Chu Wu's Motion for Summary Judgment is granted as to all causes of action.

IT IS SO ORDERED this 8th day of January, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma